[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 12, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11001
_____

D.C. Docket No. 00-03417-CV-JOF-1

TRACEY L. TOMCZYK,

Plaintiff-Appellee
Cross-Appellant,

versus

JOCKS & JILLS RESTAURANTS, LLC,
JOSEPH R. ROLLINS,

Defendants-Appellants
Cross-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(March 12, 2008)

Before BIRCH and FAY, Circuit Judges, and RODGERS,* District Judge.

_____
    * Honorable Margaret C. Rodgers, United States District Judge for the Northern District of Florida, sitting by designation.

PER CURIAM:

In this second appeal of Tracey L. Tomczyk's employment case against sports bar/restaurant chain Jocks & Jills and its Secretary, Treasurer, Chairman of the Board, and controlling shareholder Joseph R. Rollins, the defendants challenge the district court's order denying their post-trial motion to set aside the jury verdicts rendered in Tomczyk's favor on her Georgia state law intentional infliction of emotional distress and negligent retention claims. Finding that the district court erred in instructing the jury on the intentional infliction of emotional distress claim, we REVERSE and REMAND the case for further proceedings.[1]

Background

The facts and lengthy procedural history of this long-standing case are set forth more fully in our unpublished decision in the first appeal, *Tomczyk v. Jocks*

---

[1] The district court granted the defendants' motion to the extent it vacated the jury's award of $200,000 in punitive damages to Tomczyk on her claim of negligent retention, which judgment Tomczyk cross-appeals. Because the negligent retention claim is derivative of Tomczyk's intentional infliction of emotional distress claim, our decision reversing the judgment on the latter claim renders Tomczyk's cross-appeal of the former claim moot. Moreover, the cross-appeal has been mooted by the parties' announced mediated settlement of Tomczyk's claims against J & J; this settlement awaits approval by the United States Bankruptcy Court for the Northern District of Georgia, which currently is hearing J & J's petition for bankruptcy. In light of the mootness of Tomczyk's cross-appeal we do not reach it or otherwise substantively address her negligent retention claim. Moreover, because the jury instruction issue alone warrants reversal and remand for a new trial, we need not reach, and do not discuss, any other grounds for reversal asserted on appeal.

*& Jills, LLC*, 198 Fed. Appx. 804 (11th Cir. 2006) ("*Tomczyk I*"). Briefly, the background of this appeal is as follows. Tomczyk first filed suit against J & J and Rollins in December 2000. She later amended her complaint to include claims for sex discrimination, race discrimination, and retaliation arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; 42 U.S C. § 1981, the Equal Pay Act, 29 U.S.C. § 206(d); and certain state law claims, including intentional infliction of emotional distress and negligent retention. Following summary judgment, the case proceeded to trial in July 2004 on Tomczyk's claims of retaliation and sexual harassment under Title VII, intentional infliction of emotional distress, and negligent retention. At the close of Tomczyk's case-in-chief the district court granted the defendants' motion for judgment as a matter of law on the retaliation and intentional infliction of emotional distress claims. The jury then deliberated on the sexual harassment and negligent retention claims, returning defense verdicts on both claims.

In the first appeal, we reversed the district court's directed verdict on Tomczyk's retaliation claim. We also reversed the directed verdict on Tomczyk's intentional infliction of emotional distress claim, to the extent the claim was based on conduct that occurred on or after December 22, 1998. We remanded those claims, as well as Tomczyk's negligent retention claim insofar as it involved the

3

reversed claims, for further proceedings. The judgment was otherwise affirmed.

On remand, the district court bifurcated the trial. Liability for intentional infliction of emotional distress and retaliation was tried in Phase One; damages on those claims and liability for negligent retention were tried separately in Phase Two. In Phase One, the jury returned verdicts in favor of Tomczyk on the intentional infliction of emotional distress claim and in favor of J & J and Rollins on the retaliation claim. In Phase Two of the trial, the jury found J & J liable on the negligent retention claim. In assessing damages against Rollins, the jury awarded Tomczyk $250,000 in compensatory damages and $750,000 in punitive damages. Against J & J, the jury awarded $250,000 in compensatory damages and $750,000 in punitive damages on the intentional infliction of emotional distress claim. On the negligent retention claim, the jury awarded Tomczyk $50,000 in compensatory and $200,000 in punitive damages. The defendants moved for judgment as a matter of law or for a new trial. The district court denied the motion, except for vacating the $200,000 punitive damages award on the negligent retention claim.[2] This second appeal ensued.

---

[2] The district court found that because the jury had specifically determined by special verdict that Tomczyk had not suffered any physical injury in connection with her negligent retention claim, under Georgia law she could not recover punitive damages. While we do not today address this finding by the district court or its conclusion that Tomczyk was not barred from recovering punitive damages on her intentional infliction of emotional distress claim, we are confident in the district court's ability to resolve any tension in the relevant provisions of state

Discussion

During the second trial the district court admitted evidence of conduct by Rollins that occurred prior to December 22, 1998.  At the close of Phase One, the district court gave the jury the following deliberation instructions:

> None of the evidence about that prior period may be used by you to establish any of the elements of intentional infliction of emotional distress.  You may look at it only to determine the severity, if any, of any distress that the plaintiff claims to have experienced.

> \* \* \*

> You don't have all the facts about that prior time, and so you shouldn't try to compute about what happened in that prior time.  You can look at what I let in if that helps you to understand some words that were spoken, some conduct taken, or to understand whether or not the stress was severe.  Those are the only things you can use it for.

Errors in jury instructions are reviewed for plain error where, as in this case, no objection was raised prior to jury deliberations.  *See United States v. Massey*, 89 F. 3d 1433, 1442 (11th Cir. 1996).  Under plain error review, we will not correct an error the defendant failed to raise in the district court unless there is: "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Rodriguez*, 398 F. 3d 1291, 1298 (11th Cir. 2005).  If these three conditions are met, we may then exercise our discretion to notice a forfeited error if "(4) the error

---

law on this question and, with counsel's input, properly instruct the jury at retrial.

5

seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*; *Maiz v. Virani*, 253 F. 3d 641, 676 (11th Cir. 2001) (stating that "[r]eversal for plain error in the jury instructions or verdict form will occur only in exceptional cases where the error is so fundamental as to result in a miscarriage of justice."). We must examine whether the jury charges, considered as a whole, sufficiently instructed the jury so that the jurors understood the issues and were not misled. *Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc.*, 389 F. 3d 1339, 1351 (11th Cir. 2004). If jury instructions accurately reflect the law, the trial judge is given wide discretion as to the style and wording employed in the instruction. *Id.* at 1351. The trial court will be reversed because of an erroneous instruction only if the appellate court is "left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." *Id.*

As an initial matter, contrary to the defendants' contention, in *Tomczyk I* we did not state that all evidence regarding conduct that occurred prior to December 22, 1998, was inadmissible. Rather, while we held that the intentional infliction of emotional distress claim could not encompass conduct that occurred prior to that date for statute of limitations reasons, we did not expressly limit or preclude all use of the evidence. The district court could have properly admitted evidence of Rollins' pre-limitations period conduct for background and context purposes, with

6

appropriate limiting instructions, and it did so here.

The defendants' contention that the instructions quoted above could have fundamentally misled the jury, however, has merit. The instructions given during Phase One of the proceedings directed the jury to assess the severity of the distress suffered by the plaintiff but also stated that severity could not be used to establish any of the elements of an intentional infliction of emotional distress claim. Severity, however, is an essential element of this tort: "[a] claim for intentional infliction of emotional distress must prove four elements: (1) intentional or reckless conduct (2) that is extreme and outrageous and (3) causes emotional distress (4) that is severe." *Travis Pruitt & Associates, P.C. v. Hooper*, 277 Ga. App. 1, 8, 625 S.E. 2d 445 (2005) (citing *Mears v. Gulfstream Aerospace Corp.*, 225 Ga. App. 636, 638, 484 S.E. 2d 659 (1997)).

We conclude that the district court erred by instructing the jury that it could consider none of the pre-limitations period evidence to establish the elements of intentional infliction of emotional distress but that it could consider that evidence to determine the severity of any distress experienced by the plaintiff. As noted above, severity is an essential element of an infliction of intentional emotional distress claim. Given the conflicting – and seemingly confusing – instructions given by the district court, it is likely the jury considered conduct that occurred

prior to December 22, 1998, in finding that Rollins intentionally inflicted emotional distress on Tomczyk on or after that date.[3] The error was plain because under Georgia law severity is an element of the tort of intentional infliction of emotional distress as to which the jury must have been charged but, as *Tomczyk I* instructed, the jury could not consider evidence of Rollins' conduct prior to December 22, 1998, for the purpose of finding liability for conduct that occurred December 22, 1998, or later.[4] Additionally, given the $2,000,000 damages verdict against the defendants on the intentional infliction of emotional distress claim, we find that the error also affected their substantial rights. Finally, we conclude that an error of this magnitude resulted in a miscarriage of justice and seriously affected the fairness of the judicial proceedings. Based on the direct conflict in the jury instructions on an essential element of a claim, we are "left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." *Bearint*, 389 F. 3d at 1351; *see, generally*, *Parker v. Scrap Metal*

---

[3] Reading the jury instructions at issue here broadly and with the luxury of hindsight, we can see that the district court was simply attempting to explain to the jury that it could use the evidence of Rollins' conduct prior to December 22, 1998, for one purpose but not for another. Nevertheless, our consideration of this question is of course confined to the instructions as they were given. So doing, we must recognize that the instructions here, as given, constitute plain error.

[4] This evidence showed that Rollins' conduct prior to December 22, 1998, was highly offensive. The extreme nature of the evidence increases the likelihood that the jury considered it in deciding that Rollins intentionally inflicted emotional distress on Tomczyk.

8

*Processors*, 386 F. 3d 993 (11th Cir. 2004). Accordingly, we reverse the jury's

verdict on liability and its award of damages, both on Tomczyk's intentional

infliction of emotional distress claim and her related claim of negligent retention,

and remand for a new trial.

## Conclusion

For the foregoing reasons, we REVERSE the jury's verdict and award of

damages on Tomczyk's intentional infliction of emotional distress and negligent

retention claims. This case is REMANDED to the district court for further

proceedings consistent with this opinion.[5]

REVERSED and REMANDED.

---

[5] At oral argument for both the first and second appeals, as well as in *Tomczyk I*, we encouraged the parties to settle this matter. Once again, we urge the parties to do so.